IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DELAWARE DEARBORN II, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| SPLASH EXPO LLC, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

NOW COMES the plaintiff, Delaware Dearborn II, LLC (the "Landlord"), by and through its attorneys, Thomas M. Lombardo and the law firm of Di Monte & Lizak, LLC, and for its Complaint for breach of contract (the "Complaint") against the defendant, Splash Expo LLC (the "Tenant"), states as follows:

## THE PARTIES

1. The Landlord is an Illinois limited liability company with a principal office at 1132 Waukegan Road, Suite 208, Glenview, Illinois 60025. The Landlord has four members. Two of its members are individuals who are residents of the State of Illinois. One of its members is an Illinois corporation. The final member is another limited liability company which, in turn has five individual members, all of whom are residents of the State of Illinois.

2. The Tenant is an involuntarily dissolved Illinois limited liability company with an abandoned principal office at 1320 North Route 59, Suite 164, Naperville, Illinois 60563. The Tenant has two members, one of whom is a resident of the State of Wisconsin and the other a resident of the State of Michigan.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and is between citizens of different states because no members of the plaintiff limited liability company reside in the same state as any members of the defendant limited liability company.

4. Venue is proper under 28 U.S.C. § 1391(b)(2) because the transaction that is the subject of this action took place in, and involves property located in, the Northern District of Illinois.

## COUNT I – BREACH OF CONTRACT

5. Attached and specifically incorporated herein as "Exhibit A" is a true and correct copy of that certain Lease dated as of April 16, 2012 (the "Lease") by and between the Landlord and the Tenant for the premises located at 1320 North Route 59, Suite 164, Naperville, Illinois 60563 (the "Premises").

6. Pursuant to Basic Provision 10 and General Provision 5.1 the Lease, the Tenant was required to pay the Landlord "Basic Rent" of $4,150.00 per month from August 1, 2012 through April 30, 2013.

7. Pursuant to Basic Provision 10 and General Provision 5.1 the Lease, the Tenant was and is required to pay the Landlord Basic Rent of $4,150.00 per month from May 1, 2013 through April 30, 2014.

8. Pursuant to Basic Provision 10 and General Provision 5.1 the Lease, the Tenant is required to pay the Landlord Basic Rent of $4,274.00 per month from May 1, 2014 through April 30, 2015.

9. Pursuant to Basic Provision 10 and General Provision 5.1 the Lease, the Tenant is required to pay the Landlord Basic Rent of $4,403.00 per month from May 1, 2015 through April 30, 2016.

10. Pursuant to Basic Provision 10 and General Provision 5.1 the Lease, the Tenant is required to pay the Landlord Basic Rent of $4,535.00 per month from May 1, 2016 through April 30, 2017.

11. The Tenant has failed to pay Basic Rent to the Landlord from and after March 1, 2014, totaling $25,396.00 in past-due Basic Rent through August, 2014.

12. Pursuant to Basic Provision 9 of the Lease, the "Term" of the Lease terminates on April 30, 2017.

13. Pursuant to Basic Provision 10 of the Lease, Basic Rent beginning on September 1, 2014 and for the remainder of the Term totals an additional $141,443.00.

14. Pursuant to General Provision 12.1(b) of the Lease, an "Event of Default" shall have occurred if the Tenant abandons the Premises.

15. On or about August 1, 2014, the Tenant abandoned the Premises.

16. The Tenant's abandonment of the Premises constitutes an Event of Default under the Lease.

17. Pursuant to General Provision 12.2 of the Lease, upon an Event of Default arising from the Tenant's abandonment of the premises, the Landlord may terminate the Lease and recover from the Tenant all unpaid past-due rent, all future rent for the remainder of the Term, all other amounts due or to later become due under the Lease, and all other actual damages suffered by the Landlord arising from the Event of Default.

18. The Landlord issued notice to the Tenant of its election to terminate the Lease on August 12, 2014.

19. Pursuant to General Provision 15.14 of the Lease, the Tenant is also liable to the Landlord for all costs and expenses, including attorney's fees, incurred by the Landlord in connection with the Landlord's enforcing its rights under the Lease.

20. As a result of the Tenant's breach of the Lease by abandoning the Premises, the Tenant is now indebted to the Landlord for all unpaid, past-due Basic Rent, all future Basic Rent for the remainder of the Term, all other amounts due or to become due under the Lease, all damages suffered by the Landlord as a result of the Tenant's breach of the Lease, and all of the Landlord's costs and expenses, including attorney's fees, in connection with the Landlord's enforcing its rights under the Lease.

## REQUEST FOR RELIEF

WHEREFORE, the plaintiff, Delaware Dearborn II, LLC, requests that this Honorable Court enter a money judgment in its favor and against the defendant, Splash Expo LLC, for all unpaid, past-due Basic Rent, all future Basic Rent for the remainder of the Term, all other amounts due or to become due under the Lease, all damages suffered by the Landlord as a result of the Tenant's breach of the Lease, all of the Landlord's costs and expenses, including attorney's fees, and for any other relief deemed just and appropriate.

Respectfully Submitted,

Delaware Dearborn II, LLC

By its Attorneys,

Dated: August 18, 2014

/s/ *Thomas M. Lombardo*
Thomas M. Lombardo (6279247)
Di Monte & Lizak, LLC
216 Higgins Road
Park Ridge, Illinois 60068
847-698-9600
tlombardo@dimontelaw.com